# SUPREME COURT.

JOHN A. HUSSON, appellant, agt. WILLIAM GEORGE OPPEN-
HEIMER, respondent.

*Contract —Modification of — When need not be signed by both parties — When
contingent interest in contract, parted with by modification — When right of
action accrues.*

Plaintiff had a contract to purchase lands of one S., dated January 27,
1883. The deed was to be taken in ninety days. Plaintiff assigned the
contract to defendant on the 28th of January, 1882. The assignment
was contained in two papers. One absolutely conveyed the contract to
purchase for fifty dollars to the defendant and was executed by plain-
tiff only, and the other was an agreement between the parties that
defendant should pay plaintiff $450 cash or one-third of the profits of
the purchase, the option to be exercised by defendant within the time
during which he could take the deed. On February 10, 1883, there was
indorsed on the contract, in reference to the payment of the $450, or a
share of the profits, these words: "In consideration of the sum of fifteen
dollars to me in hand paid, I hereby agree to modify and change the
foregoing contract by accepting in full payment and satisfaction thereof
the sum of $425, signed John A. Husson." The only difference between
the parties was, the plaintiff claimed the right to the $425 to be absolute
and unconditional, the defendant claiming that it was dependent upon
the plaintiff taking the deed which he never did. There was no dis-
pute about the agreement but only as to its effect:

*Held,* that the plaintiff is entitled to recover under either paper. The
defendant was bound to take a deed within the time limited. If he took
no deed (which is admitted) he was bound to pay $450 at the end of
ninety days from the date of the Smith contract. The abandonment of
performance by him was a legal option to pay the money price. The
claim is limited to the amount called for by the modification, and was
payable at once in the place of the original option.

*Second Department, General Term, September, 1883.*

*Before* BARNARD, *P. J.*, DYKMAN *and* PRATT, *JJ.*

APPEAL from a judgment entered on the decision of Mr.
justice PRATT, rendered on a trial had by and before him,
without a jury, at the January circuit for 1883, held in and

Husson agt. Oppenheimer.

for the county of Kings, dismissing the complaint on the merits, with costs, and an extra allowance of five per cent to the defendant on plaintiff's claim. The facts are as follows :

The plaintiff made a contract in writing with one John Smith, dated January 27, 1882, by the conditions of which Smith agreed to convey to plaintiff by warranty deed certain lands and premises lying in the city of Brooklyn and therein described within ninety days from its date on payment of the purchase-price, viz.: $5,000. On January 28, 1882, the plaintiff entered into an agreement with defendant to assign to him the Smith contract. The assignment was contained in two papers. One conveyed the contract absolutely and unconditionally for fifty dollars, and was signed by plaintiff only, and the other was an agreement between the parties, plaintiff and defendant, that defendant should pay plaintiff $450 cash, or one-third of the profits of the purchase, the option to be exercised by defendant during the time in which he could take a deed of the premises. Thereafter, and on February 10, 1883, by an agreement with the defendant the following indorsement was made, and said contract so made with defendant : " In consideration of ($15) fifteen dollars to me in hand paid I hereby agree to modify and change the foregoing contract by accepting in full payment and satisfaction thereof the sum of $425." This indorsement was signed by the plaintiff and not by the defendant. The defendant refused to perform the terms of the Smith contract and never took title of the property thereunder, but forfeited the same. He also refused to pay the $425 in pursuance of the modified contract of February 10, 1882, or any part of it. This action was brought to enforce the terms of the modified contract, and to recover from the defendant the $425. The trial judge, justice PRATT, adjudged that the plaintiff could not recover, and held as matter of law, among other things : 1st. That the assignment of the Smith contract was absolute in consideration of fifty dollars, and that the modification of the agreement to pay plaintiff $425 was not binding or obligatory on the defendant,

because not signed by him.    2d.  That the defendant, not having obtained a deed of the premises conveyed, or to be conveyed in and by the said Smith contract, and not having sold the property, and six months not having elapsed since the time fixed for passing the title as provided in the contract with defendant of January 27, 1882, before bringing this action, that said action was premature.    3d. That the payment of the $450, or one-third of the excess of $5,000, the purchase-price under the Smith contract, was dependent upon a contingency in the sale of the premises by the defendant which never happened.

*Anson B. Moore* and *Andrew J. Moore*, for plaintiff and appellant:

I.  Whatever contingent interest the plaintiff may have had in the John Smith contract, or in the avails thereof over and above the $5,000 purchase-price, was parted with by him when he received the fifteen dollars and signed the modification paper of February 10, 1883.    The amount of his recovery was limited by that modification to the sum of $425 therein expressed, and he was entitled to be paid that sum at once.    (*a.*) This modification of the contract was made for a valuable consideration paid by the defendant to the plaintiff when the same was signed by plaintiff, and it was binding upon and could be enforced by both parties.    It was not necessary that defendant should sign it to make it valid.    (*b.*) The defendant pays plaintiff fifteen dollars and he executes the modification and release of date February 10, 1883.    The defendant has this modification or release endowed on the duplicate contract held by him, of date January 28, 1883.    The defendant could sign the same at pleasure or not at all as he saw fit.  Can it be seriously claimed or pretended, then, that the defendant, having paid a consideration for such a modification and release, and the same having been duly executed by plaintiff, and without fraud or collusion, that a court would not enforce it ?    Did defendant make a contract and then pay the

plaintiff for its modification, against his own interest? In
view of such modification by the plaintiff, could he enforce a
claim for profits derived from or through the Smith contract?
If this action had been brought against the defendant for
profits accruing to him in virtue of his contract of January
28, 1883, derived by the defendant through, by or under the
Smith contract, could not defendant successfully interpose
the plaintiff's modification or release of February 10, 1882, as
a bar to such claim? Most assuredly he could, and most
assuredly would the court enforce it. (c.) As a logical
sequence, it follows that the finding and conclusion of the
learned judge, "that the plaintiff, but not the defendant,
made the agreement for the modification of the contract of
January 28, 1882," is quite illogical and untenable. It is
submitted that such finding is a legal anomaly, and without
precedent or authority in this or any other civilized country.
How the plaintiff could make an agreement with the defend-
ant, and the defendant not make the same agreement with the
plaintiff, it is difficult to see. To be an agreement there must
be or exist a mutuality between the contracting parties.
Could the plaintiff make an agreement with himself? To be
an agreement, says Webster, there must be a union of minds,
a compact, a bargain, a contract. An agreement, then,
requires two or more persons. The judgment should be
reversed for the reasons above stated. (d.) The defendant
admits in his answer the modification of the contract by his
assent and for a consideration. He only disagrees with plain-
tiff upon the construction.

II. It is a conceded fact in this case that the defendant
failed to perform the contract assigned to him by the plaintiff,
and made between plaintiff and John Smith; that defendant,
by his own neglect and refusal to perform the terms of the
Smith contract, and without any fault of the plaintiff, lost
title of the property, and placed it wholly out of his power
to take title within six months, or to get title at all under and
in pursuance of the terms of said contract. 1. The defend-

ant having placed it out of the power of plaintiff to perform the Smith contract, and having the sole and exclusive right to perform it himself, and having wholly neglected and refused to perform it, he cannot interpose his own wrong in that behalf, in avoidance of his contract of January 28, 1882, and its modification on February tenth, thereafter, and thereby cheat and defraud the plaintiff out of his rights. In justice and equity he should pay to the plaintiff the $425. 2. When the defendant placed it out of his power to perform the terms of the Smith contract, and take title to the property, the plaintiff's right of action against defendant on the contract to pay him $450, or one-third of the proceeds in excess of the purchase-price, was absolute, perfect and complete. In no event and under no circumstances did the law require him to wait longer; his right of action was as perfect then as it could ever be. It would be a mere idle ceremony to wait for the fulfillment of a contract by the defendant, which could under no possible circumstances be fulfilled. By the terms of the contract, made with the defendant of date January 28, 1882, as interpreted by the court in his decision, plaintiff must wait "six months from the time of receiving the deed of said Smith," before his right of action would accrue; but as the defendant refused to perform the contract, and never took a deed of the property from Smith, it is quite clear from the reasoning of the learned judge that the plaintiff's right of action would never accrue either in time or eternity. It is submitted that when the defendant placed it out of his power to perform the terms of the Smith contract, plaintiff could maintain this action, and that his right of action was perfect and complete. This principle is well settled ( *Willard's Equity Jurisprudence*, 297; 1 *Maddock's Ch. Pr.*, 331; *North, as Exr., &c.,* agt. *Pepper*, 21 *Wend.*, 636; *Carpenter* agt. *Brown*, 6 *Barb.*, 151; *Bellinger* agt. *Kitts*, 6 *Barb.*, 281; 1 *Chitty*, 318; 5 *Cow.*, 506; 1 *Fonb. Eq.*, B. 1, *ch.* 6, *sec.* 3). Where one fails to perform his part of the contract, or disables himself from performing it, the other party may treat

the contract as rescinded (2 *Parsons on Con.*, 191 *and note ; see, also, Planche* agt. *Colburn,* 8 *Bingham,* 14 ; *Shaw* agt. *Turnpike Co.,* 2 *Penn.*, 454 ; 2 *Penn.*, 445 ; *Warden of the Church of St. Louis* agt. *Korwan,* 9 *Louisa. Ann. Rep.*, 31 ; *Dubois* agt. *Delaware Canal Co.*, 4 *Wend.*, 285 ; *O'Rourke* agt. *Percival,* 2 *Ball & Beatty,* 64 ; *Hammond's Digest, sec.* 20, *p.* 239 ; *Freer* agt. *Denton,* 61 *N. Y.*, 492 ; *Burtis* agt. *Thompson,* 42 *id.*, 246). When one party unqualifiedly refuses to do the work he has agreed to perform, the other party is not bound to wait until the time for the performance of the work has expired, but may treat the contract as broken and recover damages accordingly (*Thompson* agt. *Lang,* 8 *Bosw.*, 482 ; *see, also, Niblo* agt. *Binsse,* 44 *Barb.*, 54 ; *Lorillard* agt. *Silver,* 35 *Barb.*, 132 ; *Rev.*, 36 *N. Y.*, 578). When defendant puts it out of his power to perform, right of action accrues (*Crist* agt. *Amour,* 34 *Barb.*, 378 ; *Scrime* agt. *Tinker,* 34 *Barb.*, 333 ; *Marrange* agt. *Morris,* 34 *How.*, 178 ; *Clarke* agt. *Crandell,* 27 *Barb.*, 73 ; *McNitt* agt. *Clark,* 7 *Johns.*, 465 ; *Belshow* agt. *Colie,* 1 *E. D. Smith,* 213).

*William G. Oppenheim,* defendant and attorney in person.

*Charles E. Chare* and *H. J. Morris,* of counsel for respondent :

I. The plaintiff was paid the full consideration for the assignment of the Smith contract — fifty dollars — and there is nothing due or claimed by him under that instrument.

II. The defendant's promise, in the agreement of date January 28, 1882, to pay $450 was dependent upon a contingency which has never happened ; nothing has ever become due under it, or can become due until the happening of the contingency, *i. e.*, the securing of the deed and sale of the property.

III. The plaintiff relies upon the memorandum to establish a modification of the agreement and an absolute promise by the defendant to pay $425. It is signed by the plaintiff alone. Evidence of acts and conversations between the parties to show a modification and absolute promise by the

defendant was not offered by plaintiff, and the court there-fore properly treated this memorandum as an option — an offer or agreement by plaintiff to accept $425. Read in con-nection with the agreement to which it refers, its clear and unmistakable meaning is, that plaintiff agrees to accept $425, instead of $450, when the latter sum becomes due. It sub-stitutes $425 for $450 in the agreement. The case does not disclose any testimony that shows that defendant agreed to pay $450, or $425, except as provided by the agreement, and does not show that he waived or agreed to waive his option to give plaintiff one-third the amount realized on the sale over and above the sum of $5,000. The plaintiff has failed to prove that defendant received the deed of the premises to be conveyed in and by the terms of the Smith · contract, or any modification of his contract of January 28, 1882, and has failed to prove any cause of action. The understanding should have been proved by acts of the parties, including what was said between them. The mere impression or under-standing of one of the parties can never justify the inference that the understanding of the other was the same (*Murray* agt. *Bethune*, 1 *Wend.*, 191 [196]; *Crounse* agt. *Fitch*, 14 *Abb. Pr.*, 346 [350]; *Gutchess* agt. *Gutchess*, 66 *Barb.*, 483 [486]; *Rich* agt. *Jackway*, 18 *Barb.*, 357 [359]; *Ehle* agt. *The Chittenango Bank*, 24 *N. Y.*, 548).

BARNARD, *P. J.*— The court erred in its findings that the modification of the contract was not agreed to by the defend-ant. The facts are briefly these : Plaintiff had a contract to purchase lands of one Smith, dated January 27, 1882. The deed was to be taken in ninety days; plaintiff assigned the contract to defendant on the 28th of January, 1882. The assignment was contained in two papers. One absolutely conveyed the contract to purchase for fifty dollars, to the defendant, and was executed by plaintiff only, and the other was an agreement between the parties that defendant should pay plaintiff $450 cash, or one-third of the profits of the pur-

chase, the option to be exercised by defendant within the time during which he could take the deed. On the 10th of February, 1883, there was indorsed on the contract in reference to the payment of the $450, or a share of the profits, these words:

"In consideration of the sum of $15 (fifteen dollars) to me in hand paid, I hereby agree to modify and change the foregoing contract by accepting in full payment and satisfaction thereof the sum of $425.

JOHN A. HUDSON."

Dated *February* 10, 1882.

The complaint avers this to have been a mutual agreement. The answer admits that in consideration of fifteen dollars paid plaintiff by defendant, the plaintiff agreed to modify the aforesaid contract by accepting $425 instead of $450. The only difference between the parties was this, the plaintiff claimed the right to the $425 to be absolute and unconditional, and the defendant claiming that it was dependent upon the plaintiff taking the deed, which he never did. There was no dispute about the agreement, but only as to its effect. The plaintiff is entitled to recover under either paper. The defendant was bound to take a deed within the time limited. If he took no deed, which is admitted, he was bound to pay $450 at the end of ninety days from the date of the Smith contract. The abandonment of performance by him was a legal option to pay the money price. The modification of the contract having been admittedly made by both parties, and for a good consideration, limits the claim to the amount called for by this modification paper. If the question was material, it seems quite clear that the modification was designed to put a fixed money price at all hazards, payable, and at once, in the place of the original option.

As we have observed, that option had been already made. The judgment should be reversed and a new trial granted, costs to abide event.

DYKMAN, J., concurs.